*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1383**

In re the Matter of:

Brian David Fleming,
Appellant,

vs.

Commissioner of Douglas County Human Services,
Respondent.

**Filed May 28, 2024**
**Affirmed**
**Segal, Chief Judge**

Douglas County District Court
File No. 21-CV-23-538

Jason C. Brown, Barna, Guzy & Steffen, Ltd., Coon Rapids, Minnesota (for appellant)

Chad M. Larson, Douglas County Attorney, Matthew D. Jorud, Assistant County Attorney, Alexandria, Minnesota (for respondent)

    Considered and decided by Reyes, Presiding Judge; Segal, Chief Judge; and Frisch, Judge.

**SEGAL**, Chief Judge

Appellant challenges the dismissal of his district court action seeking review of a final decision of the Minnesota Commissioner of Human Services.[1]  The district court dismissed the action on the grounds that Fleming failed to serve the required parties under Minn. Stat. § 256.045, subd. 7 (2022), and that this deprived the district court of subject-matter jurisdiction.  Appellant argues that the district court's determination was in error.  We affirm.

## FACTS

In September 2022, respondent Douglas County Social Services[2] notified appellant Brian David Fleming that the county had received a report from a third party of possible "medical child abuse" of Fleming's minor children by their mother, Fleming's former spouse.  The county advised Fleming that it had investigated the report and determined that "there [was] not a preponderance of the evidence to support a finding of maltreatment."

---

[1] Because it is the decision of the Minnesota Commissioner of Human Services that is challenged in this appeal, the commissioner is an adverse party who was required to be served with the notice of appeal to this court. *See* Minn. R. Civ. App. P. 103.01.  Our records do not reflect that Fleming filed proof of service of the notice of appeal to this court on the commissioner.  Neither party, however, has asserted this as an issue on appeal.

[2] We note that the title of this opinion identifies respondent as the "Commissioner of Douglas County Human Services."  The correct name of respondent is Douglas County Social Services, which is led by a director, not a commissioner.  We refer to Douglas County Social Services as "the county" in this opinion.  All references in this opinion to "the commissioner" or "the commissioner of human services" refer to the Minnesota Commissioner of Human Services.

The county stated it had thus "determined that maltreatment did not occur and child protective services [were] not needed."

Fleming requested reconsideration, and the county affirmed its determination. Fleming then filed a request with the Minnesota Department of Human Services (DHS) for a review of the county's determination, known as a fair hearing, pursuant to Minn. Stat. §§ 256.045, 260E.33, subd. 3(a) (2022). Following a prehearing conference, a human-services judge asked Fleming and the county to brief the question of "[w]hether appellant is entitled to a state fair hearing pursuant to Minn. Stat. § 256.045 in a matter where the county agency made a no maltreatment determination regarding appellant's ex-spouse."

After receiving the parties' briefs, the human-services judge recommended that the commissioner dismiss Fleming's fair-hearing request for failure to state a claim over which DHS has jurisdiction. The human-services judge reasoned that, because the county had found no maltreatment, Fleming was not an individual "determined to have maltreated a minor" and therefore was not entitled to a fair hearing under Minn. Stat. § 256.045, subd. 3(a)(9). The co-chief human-services judge, acting on behalf of the commissioner of human services, adopted the recommendation and dismissed the request for a fair hearing.

Fleming subsequently filed a notice of appeal with the district court requesting judicial review of the commissioner's decision pursuant to Minn. Stat. § 256.045, subd. 7. Fleming named Douglas County Social Services as the respondent, but he did not name the commissioner of human services as a party to the action. Fleming requested a hearing before the district court on his request for judicial review, which request was granted by

3

the district court. The order for hearing provided, in relevant part: "Douglas County Court Administration shall serve a copy of this Order upon the parties through their attorneys of record through e-service and the same shall be in lieu of personal service thereon."

At the hearing before the district court, the county argued that Fleming had not properly initiated the appeal to district court because he failed to comply with the service requirements of Minn. Stat. § 256.045, subd. 7. That provision requires service "personally or by mail" of a "notice of appeal upon the commissioner and any adverse party of record." Minn. Stat. § 256.045, subd. 7. Fleming maintained that he timely filed the notice of appeal and that the service requirements were satisfied because the district court's order scheduling the hearing directed that service of the order was to be made electronically by the district court administrator and that "the same shall be in lieu of personal service thereon." Citing a recent precedential opinion of this court, the district court determined that it lacked subject-matter jurisdiction over Fleming's appeal because Fleming failed to serve the commissioner and the county with the notice of appeal as required by subdivision 7. *See Rued v. Comm'r of Hum. Servs.*, 993 N.W.2d 295 (Minn. App. 2023), *rev. granted* (Minn. Sept. 19, 2023). The district court therefore dismissed Fleming's district court action.

**DECISION**

On appeal to this court, Fleming argues that the district court erred in concluding that it lacked subject-matter jurisdiction. Whether service was effective and the existence of subject-matter jurisdiction are questions of law that we review de novo. *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 606 (Minn. 2016); *Minn. Dep't of Corr. v.*

4

*Knutson*, 976 N.W.2d 711, 715 (Minn. 2022). In our analysis, we first examine whether Fleming complied with the service requirements of subdivision 7 of section 256.045 to initiate a district court action.

Subdivision 7 provides:

> [A]ny party who is aggrieved by an order of the commissioner of human services . . . may appeal the order to the district court of the county responsible for furnishing assistance . . . by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days after the date the commissioner issued the order . . . . Service may be made personally or by mail[.]

Minn. Stat. § 256.045, subd. 7. Fleming admits that he did not serve the county personally or by mail. But he claims that he did not need to serve the notice of appeal "personally or by mail" as the statute requires. Fleming cites as support for his argument a Minnesota Judicial Branch document that contains "best practices" recommendations for efiling and eservice. *See* Minn. State Ct. Adm'rs Off., *Best Practices: eFile and eServe for Minnesota District Court Filers* (2023), https://www.mncourts.gov/mncourtsgov/media/scao_library/documents/eFile%20Support /Best-Practices-eFS-for-Minnesota-Filers.pdf [https://perma.cc/9UWP-PZH9]. That document states that "[e]lectronic service takes the place of service by mail or fax." *Id.* Fleming additionally argues that the district court's order for hearing absolved him of any responsibility to serve the notice of appeal because the order directed district court administration to "serve a copy of this Order upon the parties through their attorneys of record through e-service . . . in lieu of personal service."

5

Fleming's arguments fail for three reasons. First, subdivision 7 requires service of the notice of appeal on the commissioner. Fleming did not name the commissioner as a party or serve the commissioner with the notice of appeal initiating the district court action. This deficiency, by itself, is sufficient to support the district court's dismissal. Second, Fleming cites no authority, nor could he, for the proposition that a "best practices" document can supersede a statutory requirement.[3] Third, the district court's order for hearing only directs service of the *order for hearing*; subdivision 7 requires service of the *notice of appeal*.[4] The district court therefore correctly determined that Fleming failed to serve the necessary parties as required by Minn. Stat. § 256.045, subd. 7.

Having concluded that service was not in compliance with Minn. Stat. § 256.045, subd. 7, we turn next to the impact of Fleming's failure to effect service of the notice of appeal on the commissioner and the county. As the district court explained in its dismissal of this action, this court held in *Rued* that effective service of the notice of appeal goes to

---

[3] We also note that Fleming fails to quote the full sentence from the "best practices" document, which reads: "Electronic service takes the place of service by mail or fax; *it does not replace personal service*." *Id.* (emphasis added).

[4] We are also unpersuaded by Fleming's argument that court administration should be faulted for the failure to properly serve the commissioner. As noted above, the original order issued by the district court provided, in relevant part: "Douglas County Court Administration shall serve a copy of this Order upon the parties through their attorneys of record through e-service and the same shall be in lieu of personal service thereon." But Fleming did not name the commissioner as a party. In addition, this court's decision in *Rued* states: "*A person commencing a proceeding* pursuant to [Minn. Stat. § 256.045, subd. 7], must serve the notice of appeal on the commissioner of human services and 'any adverse party of record.'" 993 N.W.2d at 297 (emphasis added). The burden to properly serve the commissioner and any adverse party is therefore on the person commencing the action, and nothing in the statutory language suggests that this burden may be passed to court administration to be accomplished by e-service.

the subject-matter jurisdiction of the district court. *Rued*, 993 N.W.2d at 303. Like Fleming here, the father in *Rued* submitted a request to DHS for a fair hearing after the county affirmed its determination that no maltreatment of Rued's child had occurred. *Id.* at 297-98. Rued requested reconsideration. *Id.* at 298. The county affirmed its determination; Rued then submitted a request to DHS for a fair hearing. *Id.* at 298. A human-services judge recommended that the request be dismissed based on the determination that Rued was "not entitled to such a hearing with respect to a no-maltreatment determination." *Id.* The commissioner adopted the decision, which became the final decision of DHS. Rued then attempted to initiate an appeal of the commissioner's decision in district court pursuant to Minn. Stat. § 256.045, subd. 7. *Id.* The district court dismissed the action, and Rued appealed to this court. *Id.* at 298-99.

This court determined in *Rued* that the district court lacked subject-matter jurisdiction because Rued did not comply with the service requirements of Minn. Stat. § 256.045, subd. 7. Specifically, this court held:

> A person commencing a proceeding pursuant to Minnesota Statutes section 256.045, subdivision 7 (2022), must serve the notice of appeal on the commissioner of human services and "any adverse party of record." If the person commencing the proceeding does not serve the notice of appeal on each adverse party of record, the district court does not have subject-matter jurisdiction over the proceeding.

*Id.* at 297.

Fleming acknowledges this court's decision in *Rued*, but notes that the Minnesota Supreme Court granted review of the decision and that we should, therefore, delay our ruling in this case until the supreme court has issued its opinion in *Rued*. But "a

7

precedential opinion of this court is binding authority for this court and district courts immediately upon its filing." *State v. Chauvin*, 955 N.W.2d 684, 695 (Minn. App. 2021), *rev. denied* (Minn. Mar. 10, 2021). We therefore decline Fleming's request.

Fleming also argues that the county failed to provide proper notice of its challenge to the district court's subject-matter jurisdiction because it did not properly file a motion to dismiss. Fleming contends that the district court thus erred by considering the issue. We disagree. As the county notes, Fleming did not object below to the lack of a formal motion, and a district court may waive such rules. *State v. Williams*, 568 N.W.2d 885, 888 (Minn. App. 1997), *rev. denied* (Minn. Nov. 18, 1997); *see also Pfeiffer ex rel. Pfeiffer v. Allina Health Sys.*, 851 N.W.2d 626, 636 n.7 (Minn. App. 2014), *rev. denied* (Minn. Oct. 14, 2014). And although Fleming claims on appeal that he suffered "substantial prejudice" from the lack of notice about the state's subject-matter-jurisdiction challenge, he does not identify what additional information or argument he would have presented if given advance notice of the motion. Moreover, the 30-day time period established in Minn. Stat. § 256.045, subd. 7, for service had long passed. We thus conclude that the district court acted within its discretion when it considered the county's argument that the district court lacked subject-matter jurisdiction.

**Affirmed.**